KENNEDY, Justice.
This is a pro se appeal from a dismissal of the plaintiff’s complaint. We affirm.
Caroline T. Corbit, appellant, sued the Hotel Redmont and AmSouth Bank, N.A., seeking to rescind the sale of the Hotel Redmont to AmSouth Bank.
The hotel was purchased at a foreclosure sale by AmSouth, the mortgagee. Am-South Bank bid the amount of the debt, in excess of $3 million, and was declared the *506 high bidder. Appellant bid one U.S. silver dollar.
Appellant argues that the trial court erred in granting the motion to dismiss, because, she says, the sale was invalid because AmSouth did not pay gold or silver and it bid the amount of the debt at foreclosure and therefore did not pay cash for the purchase of the hotel.
The United States Supreme Court in the Legal Tender Cases, 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884), and Norman v. Baltimore & Ohio R.R., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885 (1935), held that Congress may declare treasury notes to be legal tender. Therefore, it has long been held that gold and silver coins are not the only forms of legal tender for the payment of debts.
This Court, in Semmes Nurseries, Inc. v. McDade, 288 Ala. 523, 263 So.2d 127 (1972), ruled that a mortgagee can offer for bid at a foreclosure sale a credit on the debt owed the mortgagee. Therefore, it is clear that a mortgagee’s offer of a credit on the debt owed constitutes a valid, fair, and legal bid at a foreclosure sale.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, and HOUSTON, JJ., concur.